Tompkins, J.,
delivered the opinion of the Court.
Campbell and Moore, executors of James Byrnside, brought their action of covenant in the Circuit Court against Russell, and judgment being there given against them, they bring their cause into this Court to reverse the judgment. Russell, by his deed, sold and conveyed to Byrnside, testator of the plaintiffs, four hundred arpens of land, andby said deed covenanted to warrant the title to said laid land against all claims, to Byrnside, his heirs and assigns. On this deed the executors bring their action, and among other breaches assign this, that the land sold as aforesaid by Russell, belonged to the United States at the time when it was sold, and that the U. States had aliened that land to persons who had entered on it. . The defendant pleaded fifteen pleas, and the plaintiff demurred to the 3d, 10th, 11th, 12th and 15th. The defendant contends that the declaration is bad. The third plea is non infregit conventionem, the tenth that the cause of action did not arise within ten years. Both these pleas are bad. The 11th and 12th pleas are in substance the same, to-wit: That the representatives of Byrnside assented to the entry of the persons to whom the United States aliened; both these pleas are believed to be good. The 15th plea is that Byrnside had by will devised the land to two of his sons. This plea is thought to be bad. The demurrers then, to the 3d, 10th and 15th pleas, were, we believe, righltly sustained, and those to the 11th and 12th oughtto’have been overruled.
It being our opinion that it is not a sufficient assignment of the breach of warranty that the land at the time- of the execution of the deed belonged to the United States, and that there are other breaches in the declaration well assigned, and the judgment of the Circuit Court against the plaintiffs being general, its judgment is therefore reversed, the cause is remanded.